UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

In re:  Case No. 9:13-bk-04690-FMD
Chapter 7

Mary Lynn Peckham,

      Debtor.
_____/

**FINDINGS OF FACT AND CONCLUSIONS OF LAW ON THE
<u>UNITED STATES TRUSTEE'S AND THE DEBTOR'S MOTIONS FOR SANCTIONS</u>**

THIS CASE came on for hearing on July 18, 2013, on the Motions for Sanctions, Civil Penalties, Attorney Fees and Costs, and Injunctive Relief filed by the United States Trustee and the Debtor (Doc. Nos. 10, 24) (collectively, the "Motions"). Present for the hearing were Richard Hollander, Esq., on behalf of the Debtor, and J. Steven Wilkes, Esq., Trial Attorney on behalf of the United States Trustee for Region 21. Respondent, Virgil L. Light, did not appear. This order and the contemporaneously entered judgments constitute this Court's findings of fact and conclusions of law under Fed. R. Bankr. P. 5003, 7052, 9014(c), 9021, and 9022.

In the Motions, both the United States Trustee and the Debtor seek civil penalties, sanctions, attorney's fees and costs, as well as injunctive relief, against Virgil L. Light arising from his providing bankruptcy assistance to Mary Lynn Peckham, the Debtor in this case, under 11 U.S.C. §§ 329(b), 526, 527, and 528.[1]

Mr. Light was a sole practitioner operating as Light & Associates, L.L.L.P. As such, he personally constitutes a debt relief agency.[2] Mr. Light became ineligible to practice law in the State of Florida on August 27, 2012.[3] Mr. Light notified the Florida Bar of his "retirement" on March 11,

---

[1] Unless otherwise stated, all statutory references are to the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq*.
[2] §§ 101(12A), 526, 527, 528.
[3] *See In re Heinlein*, Case No. 9:12-bk-14816-FMD, Doc. No. 47, p. 1.

2013.[4] On July 1, 2013, in another case pending before this Court, *In re Tina L. Heinlein and Adam M. Heinlein,* the United States Trustee, pursuant to Local Rule 2090-2, obtained both an interim suspension order as well as a disbarment order (the "Disbarment Order") against Virgil L. Light.[5] The Court adopts and incorporates its findings of fact contained in the Disbarment Order, and makes the following additional findings of fact.

Ms. Peckham is an "assisted person" as defined under § 101(3). Mr. Light, acting as a debt relief agency, prepared Ms. Peckham's bankruptcy petition and schedules. Ms. Peckham executed her bankruptcy papers under penalty of perjury on March 18, 2013. Mr. Light failed to advise Ms. Peckham that he was not eligible to practice law in the State of Florida in March 2013. Ms. Peckham filed her bankruptcy papers, *in propria persona*, on April 11, 2013. Section 526(a)(1) prohibits a debt relief agency from failing to perform the services that the debt relief agency informed the assisted person it would provide in connection with the bankruptcy case. Because Mr. Light did not inform Ms. Peckham that he had retired from practicing law in the State of Florida, Mr. Light did not fully inform Ms. Peckham of the reasons why he "ghost wrote" her bankruptcy papers. Mr. Light failed to advise Ms. Peckham that his "ghost writing" her bankruptcy papers was not permissible. Mr. Light failed to disclose to the Court that he drafted Ms. Peckham's bankruptcy papers, and he further failed to disclose that he was her attorney in the bankruptcy. Fed. R. Bankr. P. 9011 and §§ 329, 526-28, and 707(b)(4) all provide that an attorney must disclose his relationship with the debtor in bankruptcy. Ghost writing bankruptcy petitions, debtors' schedules, and debtors' statements is not permitted.[6]

---

[4] *Id.* at p. 2.
[5] *Id.,* Doc. No. 47.
[6] In addition, Mr. Light did not sign Ms. Peckham's bankruptcy petition as a "Non-Attorney Bankruptcy Petition Preparer," nor did he prepare, sign or file Official Form B 19, which is required by Fed. R. Bankr. P. 2016(c) when a non-attorney bankruptcy petition preparer drafts bankruptcy papers for a debtor.

Section 526(a)(2) prohibits a debt relief agency from making any statement in a document filed in a bankruptcy case that is untrue or misleading. Mr. Light failed to disclose that he prepared Ms. Peckham's bankruptcy papers. The omission of relevant information constitutes a statement made in a document that Mr. Light knew was untrue or misleading.

Likewise, § 329(a) and Fed. R. Bankr. P. 2016(b) statutorily mandate that all attorneys representing a debtor disclose all compensation paid or agreed to be paid, the source(s) of that compensation, and the relevant terms of the fee agreement(s). Mr. Light received $2,000.00 from Ms. Peckham, but he failed to file a Disclosure of Compensation of Attorney for Debtor (Official Form B 203). Mr. Light knew that the nondisclosure of compensation paid to him by, for, or on behalf of Ms. Peckham was untrue or misleading.

Section 526(a)(2) also prohibits a debt relief agency from advising an assisted person to make any statement in a document filed in a bankruptcy case that is untrue or misleading. Mr. Light advised Ms. Peckham to sign, execute, and file the bankruptcy papers he had prepared for her when he knew that the payment she made to him was not disclosed.[7]

As legal counsel to the debtor, Mr. Light knew that the information on Ms. Peckham's Statement of Financial Affairs, Statement 9, was false, untrue, and misleading. Ms. Peckham knew that she had paid Mr. Light $2,000.00 in March 2013. Mr. Light advised Ms. Peckham to execute that false, untrue, and misleading statement under penalty of perjury. Mr. Light further advised Ms. Peckham to file that executed false statement with this Bankruptcy Court. Mr. Light's wanton disregard for his obligations to his client, this Court, and the bankruptcy system placed his client's

---

[7] *In re Dellutri Law Group*, 482 B.R. 642, 648-49 (Bankr. M.D. Fla. 2012) (debtors' attorneys are mandated to disclose not only all of their fees and all of their expenses but also any and all agreements).

rights and interests in jeopardy and were wholly contrary to Ms. Peckham's objectives in seeking bankruptcy protection.[8]

On May 24, 2013, attorney Richard Hollander filed a notice of appearance on behalf of the Debtor (Doc. No. 15), and filed an amended petition, schedules and statements on June 7 (Doc. Nos. 19, 20, and 21).  A comparison of the bankruptcy schedules that Mr. Light prepared on Ms. Peckham's behalf with the amended schedules filed by Mr. Hollander on her behalf demonstrates Mr. Light's wanton disregard for his obligations to his client, his profession, and the bankruptcy system.  For example, on Schedule A – Real Property, Mr. Light listed the "value" of Ms. Peckham's homestead at the amount of the secured claim, to wit: $113,200.00.  However, Schedule A requires the debtor to provide the actual current value of the debtor's interest in the property.  Ms. Peckham's Amended Schedule A – Real Property listed her homestead with a value of only $30,524.00 and attached the Charlotte County Tax Assessor's assessed value report.

The Schedule A – Real Property prepared by Mr. Light stated that the nature of Ms. Peckham's interest in her homestead was that of a life estate.  Ms. Peckham's Amended Schedule A – Real Property states that she holds her homestead in fee simple and attached a copy of a 1987 corrective warranty deed.

On the Schedule B – Personal Property prepared by Mr. Light, Line 6 states that Ms. Peckham owned no wearing apparel.  Ms. Peckham's amended Schedule B – Personal Property, prepared by Mr. Hollander, lists wearing apparel valued at $25.00.

On Schedule I - Income, prepared by Mr. Light, Ms. Peckham's average or projected Social Security benefits are stated to be $1,667.00 monthly (or $20,000.00 annually), and disability benefits are stated at $240.00 monthly.  However, the Statement of Financial Affairs prepared by

---

[8] This Court specifically finds, however, that Ms. Peckham lacked the scienter required to bar her discharge under § 727(a)(4)(A).

4

Mr. Light discloses that Ms. Peckham had not received income from any source prior to January 1, 2011.  But, Ms. Peckham's Amended Statement of Financial Affairs states that Ms. Peckham received $22,128.00 in 2012 from combined social security and disability benefits.  Ms. Peckham appears to have received the same in 2011.

Ms. Peckham's Schedule J – Expenditures does not include any monthly expenditures for medical or dental expenses, transportation, automobile insurance, or automobile loan payments. However, these expenses appear on Ms. Peckham's Amended Schedule J – Expenditures, and largely appear reasonable given her financial situation.[9]

Ms. Peckham's Statement of Intentions, prepared by Mr. Light, states her intention to reaffirm a debt on her 2012 Toyota Scion, yet no monthly expenditures for automobile loan payments, automobile insurance, or car tags were disclosed on her original Schedule J – Expenditures, and no payments to Southeast Toyota Finance within the 90 days prior to the commencement of the case were disclosed on her original Statement of Financial Affairs.  Although Ms. Peckham purchased the Scion in May 2012, as described in her original bankruptcy papers, she had not been making payments on the car, is not making payments, and for the next year she did not anticipate making any payments on the car.  If these were the actual facts, it is highly doubtful that the creditor would entertain a reaffirmation agreement with Ms. Peckham.

Finally, Ms. Peckham's statements on her original Statement of Financial Affairs prepared by Mr. Light portray a markedly different financial situation from that depicted in the Amended Statement of Financial Affairs drafted by Mr. Hollander.  The original Statement of Affairs stated that Ms. Peckham (1) had no income from any source for the 27 1/2 months preceding her bankruptcy filing; (2) made no payments to any creditors; (3) made no payments related to debt

---

[9] This Court will note that neither Ms. Peckham's original or amended Schedule J have any health insurance expenditures.  The age of Ms. Peckham is not known to this Court, so this Court will not draw any inference as to whether Ms. Peckham, a social security recipient, should have any Medicare Parts B, C, or D insurance.

counseling or bankruptcy; and (4) made no other transfers within two years. Her Amended Statement of Financial Affairs reveals income, payments to creditors, payments related to bankruptcy, and transfers.[10]

The Eleventh Circuit has held that the veracity of the Debtor's schedules and statements is essential to the successful administration of her case. A debtor is required to list all of her assets and financial affairs; she may not pick and choose the assets to be listed.[11] Further, the bankruptcy schedules and statement of financial affairs do not ask the debtor and debtor's counsel to make assessments of what they think is important; instead, a debtor must fully, completely, honestly, and accurately list all assets, creditors, and financial affairs.[12] Section 526(a)(3) prohibits Mr. Light from misrepresenting the services that he would provide or the benefits and risks that may result if Ms. Peckham became a debtor in bankruptcy. However, clearly Mr. Light misrepresented the services that he would provide to Ms. Peckham for the $2,000.00 that she paid him and the risks and benefits that she would face as a debtor in bankruptcy provided with his wanton lack of assistance.

It is clear from the record in this case, as well as the record in *Heinlein*,[13] that Mr. Light failed to comply with §§ 329(a), 526-28, 707(b)(4), Fed. R. Bankr. P. 9011, and Bankr. L.R. 2090-2. This Court finds and concludes that the $2,000.00 in fees Mr. Light charged Ms. Peckham is unreasonable for the services rendered by Mr. Light, a retired attorney no longer eligible to provide legal services in the State of Florida. Section 329(b) provides that all fees determined by the Court to be unreasonable shall be disgorged to the chapter 7 trustee.

---

[10] This Court finds that there may be other discrepancies, misstatements, inaccuracies, or omissions. However, the Court is satisfied that sufficient cause has been established under §§ 329 and 526-28 and that discussing all errors would be redundant.
[11] *Chalik v. Moorefield (In re Chalik)*, 748 F.2d 616, 618 (11th Cir. 1984).
[12] *In re Robinson*, 198 B.R. 1017, 1022 (Bankr. N.D. Ga. 1996).
[13] Case No. 9:12-bk-14816-FMD.

Section 526(c) provides that refunds, actual damages to the debtor, civil penalties, sanctions, attorney's fees and costs, and injunctive relief shall be ordered if the debt relief agency acted intentionally or negligently in failing to comply with §§ 526, 527, and 528; intentionally or negligently disregarded material requirements of title 11; intentionally violated § 526; or engaged in a clear and consistent pattern or practice of violating § 526.

Based upon the foregoing, together with the Disbarment Order, this Court finds and concludes that Mr. Light: (1) intentionally and/or negligently failed to comply with §§ 526, 527 and 528; (2) intentionally and/or negligently disregarded material requirements of title 11; (3) intentionally violated § 526(a)(1)-(3); (4) engaged in a clear and consistent pattern or practice of violating § 526(a)(1)-(3); and (5) intentionally failed to comply with §§ 329, 526, 527, 528, and 707(b)(4).

The United States Trustee and the Debtor seek disgorgement of $2,000.00 for the fees Ms. Peckham paid to Mr. Light. This Court finds and concludes that such disgorgement is warranted under § 329(b), as the fees paid exceed the reasonable value for professional legal services rendered by an attorney ineligible to practice law. All fees paid shall be disgorged under § 329(b)(1)(A) to the bankruptcy estate.

In addition, the United States Trustee and the Debtor seek civil penalties, sanctions, attorney's fees and costs under §§ 110(i)(1) and 526(c). The United States Trustee and the Debtor each seek a total amount of $14,750.00. As stated on the record at the July 18, 2013 hearing, the Court finds that the United States Trustee is entitled to an award of attorney's fees in the amount of $10,257.06, and that the Debtor is entitled to a total award of $10,900.00. The award to the Debtor is comprised of attorney's fees of $8,400.00, as well as a $2,500.00 award of sanctions, calculated at $500.00 for each of Mr. Light's violations of §§ 110(b), (c), (e), (f), and (h). The Court finds and

concludes that such amounts are: (1) warranted in this case; (2) provided for under the Bankruptcy Code and Rules; (3) not so burdensome as to be punitive; (4) a deterrent factor against future non-compliance by Mr. Light or others similarly situated; and (5) intended to maintain a fair and reasonable process ensuring the integrity of the bankruptcy system.

With respect to the Debtor's and the United States Trustee's request for injunctive relief, the Court finds that because Mr. Light is already disbarred by this Court and prohibited from acting as either a bankruptcy petition preparer or a debt relief agency, injunctive relief has already been effectuated and no further relief is required.

The Court shall enter separate judgments, consistent with this Opinion, in favor of the United States Trustee and the Debtor, respectively.

**DONE** and **ORDERED** in Chambers at Tampa, Florida, on November 12, 2013.

*Caryl E. Delano*
_____
Caryl E. Delano
United States Bankruptcy Judge

Attorney Richard Hollander is directed to serve a copy of this order on the Debtor, the United States Trustee, and Virgil Light, and to file a proof of service within 3 days of entry of the order.